# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1053-20

A.A.,[1]

    Plaintiff,

v.

BERGEN CATHOLIC HIGH
SCHOOL (CHRISTIAN
BROTHERS), NEWARK
ARCHDIOCESE, BRIAN WALSH,
DAVID BELL, DOMINICK
("DONNIE") SPATARO,
TIMOTHY McELHINNEY,
and JACK McGOVERN,

    Defendants,

and

BERGEN CATHOLIC HIGH
SCHOOL (CHRISTIAN
BROTHERS), BRIAN WALSH,

---

[1] We use initials to protect A.A.'s identity. Although it was dismissed, the first count of the complaint alleges sexual abuse of a minor. Initials would be required to protect A.A. if this allegation had been made in a criminal or municipal court proceeding, R. 1:38-3(c)(12), or in a Family Part matter, R. 1:38-3(d)(12). It is equally important to protect A.A. in this civil context.

and TIMOTHY McELHINNEY,

     Third Party Plaintiffs-
     Respondents,

and

JACK McGOVERN,

     Third Party Plaintiff,

v.

HAROUYAN ASATRIAN, a/k/a
HARRY ASATRIAN, DEANNA
SARKISIAN-ASATRIAN,
ANDREW T. MILTENBERG,
individually, and NESENOFF &
MILTENBERG, LLP,

     Third Party Defendants,

and

VARTAN ASATRIAN, a/k/a
MARTIN ASATRIAN, individually,
and ASATRIAN LAW GROUP,
LLC,

     Third Party Defendants-
     Appellants,

and

DOMINICK SPATARO,

     Third Party Plaintiff,

A-1053-20

v.

VARTAN ASATRIAN, personally
and in his capacity as the attorney
of record in this matter, and
ASATRIAN LAW GROUP, LLC,

 Third Party Defendants-
 Appellants,

and

DEANNA SARKISIAN-
ASATRIAN, HAROUYAN
ASATRIAN, ANDREW T.
MILTENBERG, personally and in
his capacity as the attorney of
record in the matter, DIANA R.
WARSHOW, personally and in her
capacity as the attorney of record in
the matter, NESENOFF &
MILTENBERG, LLP,

 Third Party Defendants,

and

DAVID BELL,

 Third Party Plaintiff-
 Respondent,

v.

VARTAN ASATRIAN, personally
and in his capacity as the attorney
of record in the matter, and
ASATRIAN LAW GROUP, LLC,

3

Third Party Defendants-
Appellants,

and

DEANNA SARKISIAN-
ASATRIAN, HAROUYAN
ASATRIAN, ANDREW T.
MILTENBERG, personally and in
his capacity as the attorney of
record in the matter, DIANA R.
WARSHOW, personally and in her
capacity as the attorney of record in
the matter, NESENOFF &
MILTENBERG, LLP, DAVID
EISBROUCH, personally and in his
capacity as the attorney of record in
the matter, and EISBROUCH &
MARSH, LLC,

Third Party Defendants.

Submitted June 9, 2021 – Decided August 16, 2021

Before Judges Alvarez and Sumners.

On appeal from an interlocutory order of the Superior
Court of New Jersey, Law Division, Bergen County,
Docket No. L-1440-18.

Donnelly Minter & Kelly, LLC, attorneys for
appellants (Jason A. Meisner, of counsel and on the
briefs; Joseph P. Fiteni, on the briefs).

Tarter Krinsky & Drogin, LLP, attorneys for
respondents Bergen Catholic High School, Brian

4

A-1053-20

Walsh, and Timothy McElhinney (Anthony D. Dougherty, of counsel; Linda S. Roth, on the brief).

Weiner Law Group, LLP, attorneys for respondent David Bell (Sean M. Pena, of counsel and on the brief).

PER CURIAM

On December 17, 2020, we stayed a Law Division discovery order and granted third-party defendants Martin Asatrian and the Asatrian Law Group, LLC's request for leave to take an interlocutory appeal. R. 2:2-4. We now reverse the discovery order and remand.

For a five-month period in 2018, Asatrian and his firm represented plaintiff A.A. in an action against defendants Bergen Catholic High School, Newark Archdiocese, Brian Walsh, David Bell, Dominick Spataro, Timothy McElhinney, and Jack McGovern. A.A. alleged, among other things, that his high school wrestling coach, Bell, sent him inappropriate text messages. After that time, A.A.'s representation was assumed by another law firm.

Approximately six months later, Bell filed a third-party complaint naming Asatrian and his firm as defendants, along with various other parties, asserting causes of action which included malicious use of process. Bell anchored the claims on statements Asatrian allegedly made during settlement discussions to

5

A-1053-20

the effect he knew A.A.'s claims were false, and knew that the lawsuit was frivolous.

On August 8, 2019, Asatrian's motion to dismiss the third-party complaint was "denied without prejudice pending the completion of discovery." A.A.'s underlying lawsuit was then in the early stages of discovery.

On May 22, 2020, Bell sought, through supplemental discovery demands, Asatrian's "cell phone records, [including] a log of calls and text messages sent and received, for the months of January, February, March, April, and May of 2018"—the months during which Asatrian had represented A.A. Asatrian refused.

Bell filed a motion to compel, and Asatrian cross-moved for a protective order. The issue was addressed on September 11, 2020, when the court conducted a case management conference addressing this and other disputes. The judge granted Bell's motion to compel and denied Asatrian's application, stating only the following:

> But, again we're going to move on in this case since that's almost a real limited scope. I can understand the defense and why the concern is or the defense is the allegation that some of this was a pretext. But, we'll --- but then that's the purposes to why you want that record. But, again it needs to be limited and obviously the attorney[-]client privilege concerns content of discussions and that is protected.

6

On October 16, 2020, as part of another case management conference, the court heard argument on Asatrian's reconsideration motion. During argument, the court commented:

> [a] telephone call and text message log that details the existence of calls and text messages, including the time, date, sender and recipient but does not include the content of calls or text messages, as to protect any potentially privileged information. So it is a discrete issue as to when he may have made phone calls and to whom but has nothing to do with settlement discussions or any kind of potentially privileged information. So I want to know how that is subject to attorney-client privilege or any kind of confidentiality.

He denied reconsideration stating:

> All right. The [c]ourt finds no reason to change its earlier order. That[] there's no error of fact or law here. Discovery is designed to find out or to lead to the truth or discoverable information. Here, it is quite discrete. It has nothing to do with settlement discussions. The [c]ourt finds nothing here, in this request, concerning the content of any discussion or any attorney-client privileged material.
>
> In fact, it is tailored to be discrete. It is to produce telephone records from January[] 2018 to May[] 2018, as to calls and messages that have been logged and from that discrete period of time, the time, the date, the sender and the recipient. Anyone who has . . . had a cell phone will know that that information is readily available and easily discerned, especially when we're talking about a few short months.

And we also know that if you've ever looked at a telephone record, that it has nothing to do with settlement discussions or the contents of what occurred in those calls but may go to the existence of testimony that has already been given or will be given by the party in this case.

As such, the motion for reconsideration is denied and I will enter [Bell's counsel's] order on discovery with the protections that I have previously put in place, that no attorney-client privileged material shall be revealed nor any . . . content of discussions at all will be revealed unless the party so waives it.

The attorney-client privilege is not the attorney's but it is the client's. However, the attorney is a defendant in here but I assume that the client would not be waiving it either and[,] certainly, nothing in this order will be construed as to reveal any discussions concerning settlement or attorney-client privileged material but only for the discrete matters that I have just indicated.

On appeal, Asatrian raises the following points:

POINT I
THE TRIAL COURT ERRED IN PERMITTING DISCOVERY OF MARTIN ASATRIAN'S CELL PHONE RECORDS AND DENYING MARTIN ASATRIAN AN APPROPRIATE PROTECTIVE ORDER.

POINT II
NEW JERSEY JURISPRUDENCE AND N.J.R.E. 408 DICTATE THAT SETTLEMENT COMMUNICATIONS SHOULD NOT BE DISCOVERABLE.

8

We review the judge's discovery decision employing an abuse of discretion standard. C.A. ex rel. Applegrad v. Bentolila, 219 N.J. 449, 459 (2014). An abuse of discretion "arises when a decision 'is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. I.N.S., 779 F.2d 1260, 1265 (7th Cir.1985)). Issues regarding questions of law are decided de novo. Barlyn v. Dow, 436 N.J. Super. 161, 170 (App. Div. 2014). Because we view this decision to have been based on a mistaken understanding of the law, we conclude it was a mistaken exercise of the judge's discretion.

First, it is not clear why the third-party complaint is being prosecuted at the same time as the underlying lawsuit, as A.A.'s case has yet to be resolved. Even if Bell's claim is true that Asatrian disparaged A.A.'s causes of action, that does not mean they have been proven to lack merit. This arguably harassing discovery is being pursued on the third-party complaint when it may itself be found to be frivolous, if A.A.'s complaint, or some portion of it, is ultimately deemed meritorious. To sue for malicious prosecution when the "prosecution" is not over—including the timing of any appeals—is premature.

9

We have searched the record on appeal and are not certain how Bell supported the demand for Asatrian's telephone records. Asatrian does not dispute his initiation of settlement discussions with his adversaries. Presumably, they too have records of text messages and phone calls with him during which the discussions took place. Thus, it is a mystery as to why his cell phone records are necessary if the mirror image of the information is already in Bell's hands.

Although pretrial discovery is broad, "the frequency or extent of . . . discovery methods otherwise permitted may be limited by the court if it determines the discovery sought is unreasonably . . . duplicative." Horizon Blue Cross Blue Shield of N.J. v. State, 425 N.J. Super. 1, 29 (App. Div. 2012); see also R. 4:10-2(g)(1).

We assume the judge did not believe that access to the records violated the prohibition found in N.J.R.E. 408 regarding evidence of settlement negotiations. Yet the cell phone records would only be relevant to ultimately obtain their content. At this stage, all that is known is that Bell is seeking the phone records to substantiate calls made and text messages sent regarding settlement, during which he is alleged to have made disparaging references to A.A.'s claims. If in reality Bell seeks to document—although we cannot imagine

10

how this would be accomplished without violating N.J.R.E. 408—Asatrian's involvement in a purported civil conspiracy to pursue a baseless lawsuit against Bell, it is unclear how a telephone and text message log from the attorney's phone alone would advance that purpose. It could only advance the purpose if it was the thin edge of the wedge to access content.

In addition, Bell does not explain how his attorney and the other defendants' counsel can continue their representation if they are averring they are witnesses to the conversations that constitute the foundation for the frivolous litigation claim. It is well-established that an attorney who is a witness in the case cannot represent the parties. See RPC 3.7(a) (setting out the general rule that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness"). Unless Bell's attorney and the other defendants' counsel intend to abandon their clients in the midst of the underlying litigation brought by A.A. against defendants, it is yet another mystery as to how their representation could continue.

Finally, we observe that the judge failed to comply with Rule 1.7-4(a) when he ordered Asatrian to comply with the discovery request. We have not located an explanation of how or why, given the intrusive nature of the request, he believed these records should be made available. Stating that the production

11

would not be difficult is not equivalent to reasoned analysis regarding why it was necessary. In the ordinary case, we would remand for him to set forth the necessary findings of facts and rules of law he considered applicable to the situation. See R. 1:7-4(a). But because limiting the order to a phone call or text message log does not protect Asatrian from potential breaches of the attorney-client privilege, if the logs would include calls to A.A., his parents, or witnesses, or violation of the rule against disclosure of settlement negotiations, no point would be served by a remand.

For the judge to merely have stated that producing the cell phone record log is unrelated to the content of settlement discussions, and therefore does not violate the evidence rule's proscription, and does not violate the attorney-client privilege, is specious. Obviously, the information is meaningless if Bell's counsel and the other defendants' attorneys are planning to do nothing with it. If that is the case, there is no reason to compel production.

The information is only important if it somehow opens the door to a further breach of the attorney-client privilege, and a breach of N.J.R.E. 408, in order to provide proof of the civil conspiracy Bell alleges occurred. If the information was not being compelled with an eye to seeking content, there is no

12

point to compelling production of the phone records—thus doing nothing more than harassing Asatrian.

We do not defer to a trial court's disposition of discovery matters where "the court has abused its discretion or its determination is based on a mistaken understanding of the applicable law." Rivers v. LSC P'ship, 378 N.J. Super. 68, 80 (App. Div. 2005).  That appears to have occurred here.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1053-20